**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/02/2023
```

CHRISTOPHER E. REESE

                Petitioner,

- against -

UNITED STATES OF AMERICA,

                Respondent.

**22 Civ. 8637 (VM)**
**12 Crim. 629 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

On October 11, 2022, Petitioner Christopher E. Reese ("Reese") moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Section 2255. (Dkt. No. 1.) Reese had previously filed motions seeking substantially similar relief, albeit under other statutes, (see Cr. Dkt. Nos. 307 (motion to modify sentence), 309 (motion for reconsideration), 313 (motion for bail pending appeal), each of which the Court denied (see Cr. Dkt. Nos. 308, 314, 317)). On October 12, 2022, the Court construed Reese's October 11 motion as a motion for reconsideration and entered a final order denying Reese the relief he sought under 28 U.S.C. Section 2255.

Having denied Reese's petition for a writ of habeas corpus, the Court now denies Reese a certificate of appealability for all of Reese's claims. "The district court must issue or deny a certificate of appealability when it

1

enters a final order adverse to the applicant." Rule 11(a) Gov'g § 2254 Cases in U.S. Dist. Cts. A court must issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that a habeas petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

As discussed in its October 12, 2022 Order, the Court denies Reese a certificate of appealability on his unconstitutional vagueness claim because the Court finds that no reasonable jurist could find that, as-applied to Reese, the condition that he not "associate" with felons was unconstitutionally vague. The Court also denies Reese a certificate of appealability as to his Sixth Amendment ineffective assistance of counsel claim as no reasonable jurist could find that his counsel was ineffective because Reese attested, under oath, to his satisfaction with his counsel, and because Reese's vagueness argument he insists should have been raised is meritless. Neither of these amount to a "substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). Accordingly, Reese is not entitled to a certificate of appealability on these claims. See id.

**SO ORDERED.**

Dated:   2 March 2023
         New York, New York

_____
                                  Victor Marrero
                                     U.S.D.J.